judges are allowed to use their common sense and common observation and general knowledge in considering evidence and drawing the proper inference from it. *Robbins v. People,* 95 Ill. 175.

Every business is transacted in language specially coined for it, and with implements specially fitted to its use. One simply retailing liquor over the bar under the protection of a license would not be likely to use the language attributed to plaintiff in error just before and at the time he was being arrested by the officers under the charge in question. That language with the other circumstances tends strongly to convince us that the judgment is well supported, and it is, therefore, affirmed.

*Judgment affirmed.*

## In re Estate of Goris Vander Syde, Deceased.

## On Appeal of Gus Swanson, Claimant, Appellant, v. Estate of Goris Vander Syde, Deceased, Appellee.

### Gen. No. 18,820. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914.

### Statement of the Case.

Action by Gus Swanson against Estate of Goris Vander Syde, deceased, in the Circuit Court to have a claim allowed against the estate for labor and material furnished in extending a heating plant in certain premises owned by the deceased. From a judgment refusing to allow the claim, plaintiff appeals.

The cause was heard by the court upon an agreed state of facts, in substance, as follows:

Goris Vander Syde, the owner of said premises, on August 9, 1905, leased them to William C. Wood for five years from that date at a rental of $50 per month, the lessee to pay all water and general taxes, special assessments and insurance, and to have the option to renew the lease for five years more at the expiration thereof. The lessee sublet the building and stated by letter of December 18, 1908, to the lessor that it would be desirable to extend the building to the alley at an estimated cost of $4,250, and that it would increase the monthly rental to $75 per month and give seven per cent. net on the additional investment. On January 21, 1909, Wood stated to the lessor by letter that he had secured bids for the cost of the proposed addition, the lowest bid being $3,900, and also stated: ''As stated before, I will guarantee there will be no extras, so that $3,900 is all the entire work will cost you.''

The next day the lessor made a new lease to the lessee, Wood, for five years from April 1, 1909, at an annual rental of $900, one-half thereof payable on the first of October, and the other half on the first day of April of each year of the new lease, the lessee to pay water and general taxes, special assessments and insurance, and to have a right to renew the lease for another five years. The lessor then contracted with J. L. Carnegie & Son to complete the said addition for $3,900, according to certain plans and specifications which did not include the extension of the heating plant, and the extension was completed and paid for by the lessor. The lessee had possession of the entire premises as enlarged, and had at his own expense previous to the extension installed a heating plant in the old building. He then directed appellant, Swanson, to extend the heating plant into the new portion of the building. The charges therefor were charged in appellant's books of account to ''William C. Wood, Vander Syde building,'' and not against Vander Syde, the deceased, and Vander Syde had nothing to do personally with Swanson concerning the new heating job, or in contracting for the same.

Swanson completed the job May 26, 1909, two weeks after the death of Vander Syde, and the claim of appellant is for the work and material so furnished, and there is no dispute as to the value or character of the work performed.

In addition to said stipulation, appellant offered the testimony of Wood, said lessee, in substance, that after considerable progress had been made on the addition, the testator, Vander Syde, authorized him to have the work in question done on the heating plant; that he employed appellant for that purpose, no definite price being agreed upon; that appellant did the work therefor, and that appellant never had any conversation with Vander Syde about said job or contract.

SMIETANKA, JOHNSON, MOLTHROP & POLKEY, for appellant.

FREDERIC R. DeYOUNG, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1.  WITNESSES, § 133*—*when witness incompetent as interested in suit against administrator.* In an action against an estate to have a claim allowed for labor and materials furnished in extending a heating plant in a building owned by the deceased, where the facts showed that such heating plant was extended at the direction of a person who leased the building of the deceased and that the deceased had nothing to do with the claimant personally, or in contracting for the extension of the heating plant, *held* that the lessee was incompetent to testify against the executor of the deceased, for the reason that he was interested in the result of the suit, even though he would be liable over to the estate on a certain guaranty, it appearing that the testimony offered tended to make the estate liable for the claim.

2.  LANDLORD AND TENANT, § 223*—*right of tenant to compensation for improvements.* The right of a tenant to receive payment from his landlord for improvements placed upon the premises during his term must arise from his contract with the landlord.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.